## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

IN RE:

EDWIN LOUBRIEL                           CASE NO.: 15-19474-BKC-RBR
                                                                                  CHAPTER 13

     Debtor.
_____/

**EDWIN LOUBRIEL**

     Plaintiff,

vs.                                                      Adversary Case No. 15-01662-RBR

**AURORA LOAN SERVICES, LLC, LEHMAN
BROTHERS BANK, FSB CHOICE LEGAL
P.A., LAW OFFICE MCCALLA RAYMER, LLC,**

     Defendants.
_____/

### MOTION TO DISMISS

COMES NOW, Defendant Aurora Loan Services, LLC ("Aurora"), by and through its undersigned counsel and hereby moves this Court to enter an Order dismissing the above captioned adversary proceeding and in support thereof states as follows:

### RELEVANT BACKGROUND

1. On July 22, 2008, the Circuit Court for the 17th Judicial Circuit, in and for Broward County, entered a final judgment of foreclosure against Plaintiff Edwin Loubriel ("Mr. Loubriel") and in favor of Aurora in the case styled *Aurora Loan Services, LLC, v. Edwin Loubriel, et. al*. Case No. CACE07-028121. *See In re Edwin Loubriel*, Case No. 15-19474- RBR (Doc. 27).

2. On March 8, 2012, Aurora purchased Mr. Loubriel's property at a duly held

foreclosure sale and later was issued a certificate of title for the property. *Id.*

3. Mr. Loubriel has repeatedly sought to vacate the foreclosure judgment and sale in state court, but his attempts have been denied at both the trial court and appellate levels. *See Loubriel v. Aurora Loan Svcs.,* 144 So. 3d 550 (Fla. 4th DCA 2013).

4. On October 14, 2015, Mr. Loubriel filed the instant adversary case. Adversary Case No. 15-01662-RBR (Doc. 1).

5. The crux of Mr. Loubriel's complaint is that he is entitled to damages because Aurora did not have a valid mortgage on Plaintiff's home and Aurora did not have standing to foreclose the mortgage. *Id.*

6. On November 12, 2015, Mr. Loubriel's pending bankruptcy case, Case No.: 15-19474-BKC-RBR, came before this Court on the Standing Chapter 13 Trustee's motion to dismiss and the Court entered an order dismissing his bankruptcy case.

## ARGUMENT AND CITATION TO AUTHORITY

**A. This Case Should be Dismissed with Plaintiff's Bankruptcy Case.**

7. "Ordinarily, the dismissal of a bankruptcy case will result in the dismissal of all pending adversary proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings." *In re Ocon*, No. 06-14878-BKC-AJC, 2007 WL 1087223, at *3 (Bankr. S.D. Fla. Mar. 29, 2007).

8. A bankruptcy court may retain discretionary jurisdiction over an adversary proceeding after dismissal of the bankruptcy case if it finds there is support for discretionary jurisdiction based on the following factors, "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *In re Morris*, 950 F. 2d 1531, 1535 (11th Cir. 1992).

9. Mr. Loubriel's case is not an exception to the general rule and this Court should decline to exercise discretionary jurisdiction.

10. First, a dismissal would not raise issues of judicial economy because this case is approximately one month old, the pleadings are not closed and this Court has not yet been called upon to resolve significant issues in this matter. *In re Ocon*, No. 06-14878-BKC-AJC, 2007 WL 1087223, at *4.

11. Second, a dismissal would not be unfair to the parties because relatively little time and expense have been expended so far, and the issues raised in Mr. Loubriel's complaint can and should be litigated in another forum. *Id.*

12. Third, the degree of difficulty of this case, to the extent it presents any justiciable issue, is certainly appropriate for another forum. *Id.*

**B. Plaintiff's Complaint is Jurisdictionally Barred under the Rooker-Feldman Doctrine.**

13. "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts. . .". *Severe v. Shapiro, Fishman & Gache, LLP*, 14-CIV-80345, 2014 WL 5341886 *7 (S.D. Fla. Oct. 6, 2014)(quoting *Casale v. Tillman*, 558 F. 3d 1258, 1260 (11th Cir. 2009)).

14. In both the instant case and in *Severe,* the plaintiffs' complaints constituted collateral attacks on state court foreclosure judgments.

15. Like Mr. Loubriel, the plaintiff in *Severe* was an unsuccessful defendant in a mortgage foreclosure case. He had also previously sought relief in state court before mounting a collateral attack on the foreclosure judgment in federal court. *Id.* at *1.

16. Also like Mr. Loubriel, Mr. Severe sought monetary damages under theories which hinged on allegations that the debt was invalid and that the mortgagee lacked standing to

foreclose.

17. The court found that Mr. Severe's allegations were "essentially a broad base attack on the Circuit Court's final judgment and an attempt to re-litigate the [f]oreclosure [a]ction. . . fall[ing] squarely within the province of Rooker-Feldman because they seek relief from this Court which requires adjudging that the state court's final judgment of foreclosure was invalid." *Id.* at *10.

18. Mr. Loubriel's allegations are also a broad based collateral attack on Aurora's foreclosure judgment because to find in Mr. Loubriel's favor would require this Court to find that the mortgage was invalid and/or that Aurora lacked standing to foreclose. In either case, such a finding would completely undermine the state court judgment.

19. In this situation, the Rooker-Feldman doctrine must apply to deprive this court of subject matter jurisdiction.

WHEREFORE, Defendant Aurora Loan Services, LLC, requests entery of an order dismissing Mr. Loubriel's Complaint and for such other and further relief as the Court deems just and proper.

        **BALCH & BINGHAM LLP**

        */s/ Robert P. O'Linn*
        Geremy Gregory
        Florida Bar No. 102645
        E-mail: ggregory@balch.com
        Robert P. O'Linn
        Florida Bar No. 107378
        E-mail: bolinn@balch.com
        841 Prudential Drive, Suite 1400
        Jacksonville, FL 32207
        Telephone: (904) 348-6875
        Facsimile: (904) 396-9001
        *Attorneys for Aurora Loan Services, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 16, 2015, a true and correct copy of the foregoing was served by U.S. Mail, First Class to Edwin Loubriel, 1272 NW 89 Terr, Pembroke Pines, FL 33024; Carmen Loubriel, 1272 NW 89 Terr, Pembroke Pines, FL 33024, and those parties receiving CM/ECF service.

*/s/ Robert P. O'Linn*
Robert P. O'Linn

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

| | |
|---|---|
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |
| Robin R. Weiner | ecf@ch13weiner.com; ecf2@ch13weiner.com |
| McCalla Raymer, LLC | alp@mccallaraymer.com |